# LAW OFFICES OF CHRISTIAN BROWNE, P.C.
1050 Franklin Avenue, Suite 402
Garden City, New York 11530
Telephone: (516) 224-4533 Facsimile (516) 248-2257
cblawpc@yahoo.com

April 16, 2012

Hon. Sandra L. Townes
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: **Kewanda Campbell et al. v. MBI Associates, Inc., CV12-989**

Dear Judge Townes,

    This law firm represents MBI Associates, Inc. ("MBI"), defendant in the above-referenced action. In accordance with Article III(A) of your rules, I write to request pre-motion conference, seeking permission to make a motion to dismiss the action for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(7).

    Plaintiff's claims present the court with pure questions of law. MBI is a debt collection agency as defined in the federal Fair Debt Collection Practices Act ("FDCPA") and, as such, does not dispute that its practices are governed by the FDCPA. As plaintiff notes in her complaint, MBI sends a form collection letter to debtors. This form letter was prepared in conjunction with counsel for the American Collectors Association, the trade organization to which MBI belongs, before MBI employed its use.

    The form letter states the amount owed by the debtor and to whom such amount is owed. Below a perforation line, the letter includes a "stub" that is to be returned with the payment sought. The "stub" notes that the debtor may make a payment online or by credit card and states that "There will be a $5.00 processing fee for all credit cards."

    Plaintiff alleges in her first cause of action that MBI's imposition of the $5.00 credit card processing fee ("the Processing Fee") on debtors who elect to make payments via credit card violates FDCPA §§1692e and 1692f(1). For the reasons set forth below, as a matter of law, the Processing Fee does not violate any provision of the FDCPA and, therefore, plaintiff's first cause of action should be dismissed.

    Section 1692e prohibits a debt collection from employing "any false, deceptive or misleading representation or means in connection with the collection of any debt." It is

1

apparent from the plain language of §1692e that provision is intended to guard against practices that may deceive or confusion an alleged debtor. To this end, in determining whether a debt collector has violated §1692e, the courts have adopted a "least sophisticated consumer test" in order to ensure that the FDCPA "protects all consumers, the gullible as well as the shrewd" from statements that could be reasonably read in two ways, one accurate and the other inaccurate. See Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

However, in this matter, there is nothing "false" or "deceptive" about the Processing Fee statement, nor is it open to conflicting interpretations. The Processing Fee statement is a concise statement of clear fact, informing a debtor that, should he choose to make a payment by credit card, MBI will assess the Processing Fee. There is no need to protect the "least sophisticated consumer" because he is not subject to any form of misleading or confusing language. In fact, the Processing Fee statement is a form of disclosure that arms the debtor with additional information about the implications of the payment options before him.

Accordingly, as matter of law, plaintiff has no claim under §1692e. The same is true with respect to the portion of plaintiff's first cause of action that rests on §1692f(1). The prefatory language found at §1692(f) prohibits a debt collector from employing "unfair or unconscionable means to collect or attempt to collect any debt."

The section then goes on to list a non-exclusive series of actions that violate this provision, including, at §1692f(1), the "collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The prohibition of §1692f(1) must be read in conjunction with the prefatory language on "unfair or unconscionable" practices found in §1692f. The purpose of this section of the FDCPA is manifestly to prevent debt collectors from inflating the amount due from a debtor by heaping inequitable and unauthorized penalties and charges onto the principal debt. The FDCPA clearly seeks to guard against additional charges that are *mandatory*; that is, *required* in order to fully satisfy the debt obligation.

In this case, the Processing Fee cannot be deemed "unfair or unconscionable." The Processing Fee does not result in a windfall to MBI, but rather protects it against taking losses on debt repayments made via credit cards, a method of payment many consumers prefer to cash or checks. Indeed, MBI's records will show that MBI still incurs some loss on credit card transactions.

Perhaps most notably, MBI does not *require* a debtor to pay the Processing Fee. Only those debtors who elect to pay by credit card incur the Processing Fee and, of course, they do so with full knowledge of the fee amount and of their own volition.

2

Moreover, the Court can take judicial notice of the fact that many businesses in New York now apply some form of processing fee when taking payment by credit card. The New York General Business Law ("GBL") §518, a statute that purported to criminalize the imposition by merchants of a "surcharge" (a term not defined) on purchases made by credit card was struck down as unconstitutionally vague. See People v. Fulvio, 136 Misc.2d 334 (Crim. Ct. Bx. County 1987), *cited with approval by* People v. Stuart, 100 N.Y.2d 412 (2003).

In short, the imposition of the Processing Fee is not the sort of unfair or unconscionable "amount" that §1692f(1) is intended to prohibit, nor is it illegal in New York for MBI to re-coup some of the costs it incurs for accepting payment by credit card.

Finally, the Court should also dismiss plaintiff's second cause of action, seeking relief pursuant to GBL §349. In order to state a cause of action under GBL §349, a plaintiff must claim that a defendant "engaged in consumer-oriented acts or practices that are deceptive or misleading in a material way and that plaintiff has been injured by reason thereof." See DeAngelis v. Timberpeg East, Inc., 51 A.D.3d 1175, 1177 (3rd Dept. 2008). As noted above, the Processing Fee is unambiguously disclosed—that is, of course, the point of including the statement regarding the Processing Fee on the MBI letter. Therefore, as a matter of law, plaintiff has not alleged a deceptive act and cannot state a claim under GBL §349.

Accordingly, for all of the foregoing reasons, MBI respectfully request that the Court grant a pre-motion conference and permission to make a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(7).

Respectfully submitted,

CHRISTIAN BROWNE