# FAGENSON & PUGLISI
ATTORNEYS AT LAW
450 Seventh Avenue
Suite 704
New York, New York 10123

Lawrence M. Fagenson
Concetta Puglisi
----------
Novlette R. Kidd
H.J. Joseph

Telephone: (212)268-2128
Fax: (212)268-2127

April 23, 2012

HON. SANDRA L.TOWNES, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By ECF

**Re:  Kewanda Campbell, et al. v. MBI Associates, Inc., Case No. 12-cv-00989-SLT-CLP**

Dear Judge Townes,

This firm represents plaintiffs in the captioned matter. By letter filed on April 16, 2012, defendant requested the scheduling of a pre-motion conference for its contemplated motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6)[1]. Pursuant to Heading III A of the Court's Individual Motion Practices and Rules, plaintiffs now respond to defendant's pre-motion letter.

It is plaintiffs' position that defendant's contemplated attempt to dismiss the complaint for failure to state a claim is not well-founded. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter...to state a claim to relief that is plausible on its face." _Ashcroft v. Iqbal_, ---U.S.---, ---, 129 S. Ct. 1937, 1949 (2009). A court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." _Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co._, 517 F.3d 104, 115 (2d Cir. 2008). In addition to considering the pleadings, the court may consider "statements or documents incorporated by reference in the pleadings...and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." _ATSI Communications, Inc. v. Schaar Fund, Ltd_., 493 F.3d 87, 98 (2d Cir. 2007). See _Shami v. National Enterprise Systems_, 2010 WL 3824151 (E.D.N.Y. 2010) (Mauskopf, J.). Based on that standard of review, it is respectfully submitted that a Rule 12(b)(6) motion must fail.

Plaintiffs claim in the complaint that defendant's inclusion in its collection letters of the statement that "There will be a $5.00 processing fee for all credit cards" violates 15 U.S.C. §1692 _et seq_., the Fair Debt Collection Practices Act ("FDCPA") and the New York General

---

1   Though defendant's letter twice made reference to Rule "12(b)(7)", it is assumed from the context that the intended reference was to Rule 12(b)(6).

Business Law ("NYGBL") §349. Specifically, plaintiffs allege that the statement violates the FDCPA, §§1692e, 1692e(2)(B), 1692e(5), 1692e(10) and 1692f(1).

It is well-accepted that the FDCPA being a remedial statute intended to curb abusive debt collection, it should be accorded the widest interpretation its language will support in aid of its remedial purpose.

**FDCPA, §1692f(1)**
As far as it relates to the §1692f(1) claim, it appears that defendant's argument on page 2 of its pre-motion letter is that
> "The Processing Fee does not result in a windfall to MBI, but rather protects it from taking losses on debt repayments made via credit cards, a method of payment many consumers prefer to cash or checks. Indeed, MBI's records will show that MBI still incurs some loss on credit card transactions."

This argument in opposition to the §1692f(1) claim cannot stand on a Rule 12(b)(6) motion, since it is admittedly based on "MBI's records", which are not attached to the complaint nor incorporated into the complaint in any way, nor were they possessed by plaintiffs or known to plaintiffs and relied upon by plaintiffs in bringing this lawsuit. In the circumstances of the case at bar, the Court ought not to go outside of the four corners of the complaint to consider extraneous matter on a Rule 12(b)(6) motion. The Court must accept as true all of plaintiffs' well-pleaded factual allegations and then determine whether they form a claim to relief above the speculative.

The FDCPA, §1692f proscribes the use of any unfair or unconscionable means to collect or attempt to collect a debt, including §1692f(1): "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." The decision in <u>Shami v. National Enterprise Systems</u>, *supra,* concerned a Rule 12(b)(6) motion to dismiss in a situation where the debt collection letter mentioned that transaction fees would be charged for automated phone payments or internet payments. The Court, in denying defendant's motion, observed that the Second Circuit has held in <u>Tuttle v. Equifax Check,</u> 190 F.3d 9, 11 (2d Cir. 1999) that
> "[t]he FDCPA prohibits (*inter alia*) a debt collector from collecting any service charge 'unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'"

Therefore, the Second Circuit reasoned, under the FDCPA a debt collector may impose a service charge if (i) the customer expressly agrees to the charge in the contract creating the debt or (ii) the charge is permitted by law. In other words:
> "*If state law expressly permits service charges*, a service charge may be imposed even if the contract is silent on the matter;
> *If state law expressly prohibits service charges*, a service charge cannot be imposed, even if the contract allows it;
> *If state law neither affirmatively permits nor expressly prohibits service charges*, a service charge can be imposed only if the customer expressly agrees to it in the contract."

The <u>Shami</u> Court held that, as defendant there did not assert that the transaction fees described in the collection letter were expressly authorized by the underlying agreement creating the debt or otherwise permitted by New York law, then the motion to dismiss must fail.

Here, nowhere in defendant's pre-motion letter is there any assertion that the $5.00 processing fee was authorized by any agreement that plaintiffs signed with the Methodist Hospital. Indeed, such an assertion would have been inaccurate. Further, defendant does not state which New York law permits the fee, and it is submitted that no law does. Under these circumstances, the fee violates §1692f(1) and plaintiffs have stated a viable claim.

Defendant's argument that the credit card payment method is optional was raised by the defendant in *Shami* and rejected by the Court. Indeed, just like the letters in *Shami*, defendant's collection letters do not list any other payment methods, and the distinct impression is that the consumer is encouraged to make payment by credit card. In any event, it is beside the point that there are other methods of payment which do not attract a processing fee, since the plain reading of §1692f(1) does not encompass such a limitation if an unauthorized fee for *some* form of payment is imposed.

**FDCPA, §1692e**

As to the §1692e claims, defendant's argument appears to be that, because the offending statement of the processing fee is clear and unambiguous, there is no false, deceptive and misleading means used in the attempt to collect the debt. In other words, if the improper statement is clear and unambiguous, then there can be no contravention of §1692e. This position is untenable. As the Court in *Shami* held:

> "Because the Court has concluded that Plaintiff has stated a claim under §1692f(1) of the FDCPA, Plaintiff has also stated a claim under §1692e(2). Specifically, if it is determined that the Collection Letter violates §1692f(1) by representing that the transaction fees are permissible, Defendant also would be in violation of §1692e(2)."

It is respectfully submitted that defendant's defense that its improper statement appeared "*in flagrante delicto*" in the collection letter and was not concealed in any way, ought not to avail defendant.

**NYGBL, §349**

Defendant seeks to employ the same argument for dismissal of the NYGBL claims employed for dismissal of the §1692e claims, namely, that the improper statement was "unambiguously disclosed". For the same reason above-mentioned, such an argument is, respectfully, without merit. Further, plaintiffs do allege a cognizable injury in paragraph 24 of the complaint, *viz*. emotional distress, anxiety, harassment, abuse and oppression upon the receipt of the letters.

Defendant's contemplated Rule 12(b)(6) motion is therefore without merit, as plaintiffs have stated a claim for relief that is plausible on its face.

I thank you for your kind consideration of the foregoing.

Respectfully Submitted,
FAGENSON & PUGLISI

By: __/s/  Novlette R. Kidd__
    NOVLETTE R. KIDD, ESQ. (NK-9339)
cc: Christian Browne, Esq. for defendant by ECF